not be posted on the Internet.

## 37.3. If No Record Filed

(a) *Notice of Late Record.*

(1) Civil Cases. If the clerk's record or reporter's record has not been timely filed, the appellate clerk must send notice to the official responsible for filing it, stating that the record is late and requesting that the record be filed within 30 days if an ordinary or restricted appeal, or 10 days if an accelerated appeal. The appellate clerk must send a copy of this notice to the parties and the trial court. If the clerk does not receive the record within the stated period, the clerk must refer the matter to the appellate court. The court must make whatever order is appropriate to avoid further delay and to preserve the parties' rights.

(2) Criminal Cases. If the clerk's record or reporter's record has not been timely filed, the appellate court clerk must refer the matter to the appellate court. The court must make whatever order is appropriate to avoid further delay and to preserve the parties' rights.

(b) *If No Clerk's Record Filed Due to Appellant's Fault.* If the trial court clerk failed to file the clerk's record because the appellant failed to pay or make arrangements to pay the clerk's fee for preparing the clerk's record, the appellate court may — on a party's motion or its own initiative — dismiss the appeal for want of prosecution unless the appellant was entitled to proceed without payment of costs. The court must give the appellant a reasonable opportunity to cure before dismissal.

(c) *If No Reporter's Record Filed Due to Appellant's Fault.* Under the following circumstances, and if the clerk's record has been filed, the appellate court may — after first giving the appellant notice and a reasonable opportunity to cure — consider and decide those issues or points that do not require a reporter's record for a decision. The court may do this if no reporter's record has been filed because:

(1) the appellant failed to request a reporter's record; or

(2) (A) appellant failed to pay or make arrangements to pay the reporter's fee to prepare the reporter's record; and

(B) the appellant is not entitled to proceed without payment of costs.

### Notes and Comments

Comment to 1997 change: Former Rules 56 and 57(a) are merged. Subdivisions 37.2 and 37.3 are new.

## Rule 38. Requisites of Briefs

### 38.1. Appellant's Brief

The appellant's brief must, under appropriate headings and in the order here indicated, contain the following:

(a) *Identity of Parties and Counsel.* The brief must give a complete list of all parties to the trial court's judgment or order appealed from, and the names and addresses of all trial and appellate counsel, except as otherwise provided in Rule 9.8.

(b) *Table of Contents.* The brief must have a table of contents with references to the pages of the brief. The table of contents must indicate the subject matter of each issue or point, or group of issues or points.

(c) *Index of Authorities.* The brief must have an index of authorities arranged alphabetically and indicating the pages of the brief where the authorities are cited.

(d) *Statement of the Case.* The brief must state concisely the nature of the case (e.g., whether it is a suit for damages, on a note, or involving a murder prosecution), the course of proceedings, and the trial court's disposition of the case. The statement should be supported by record references, should seldom exceed one-half page, and should not discuss the facts.

(e) *Any Statement Regarding Oral Argument.* The brief may include a statement explaining why oral argument should or should not be

permitted. Any such statement must not exceed one page and should address how the court's decisional process would, or would not, be aided by oral argument. As required by Rule 39.7, any party requesting oral argument must note that request on the front cover of the party's brief.

(f) *Issues Presented.* The brief must state concisely all issues or points presented for review. The statement of an issue or point will be treated as covering every subsidiary question that is fairly included.

(g) *Statement of Facts.* The brief must state concisely and without argument the facts pertinent to the issues or points presented. In a civil case, the court will accept as true the facts stated unless another party contradicts them. The statement must be supported by record references.

(h) *Summary of the Argument.* The brief must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief. This summary must not merely repeat the issues or points presented for review.

(i) *Argument.* The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.

(j) *Prayer.* The brief must contain a short conclusion that clearly states the nature of the relief sought.

(k) *Appendix in Civil Cases.*

(1) Necessary Contents. Unless voluminous or impracticable, the appendix must contain a copy of:

(A) the trial court's judgment or other appealable order from which relief is sought;

(B) the jury charge and verdict, if any, or the trial court's findings of fact and conclusions of law, if any; and

(C) the text of any rule, regulation, ordinance, statute, constitutional provision, or other law (excluding case law) on which the argument is based, and the text of any contract or other document that is central to the argument.

(2) Optional Contents. The appendix may contain any other item pertinent to the issues or points presented for review, including copies or excerpts of relevant court opinions, laws, documents on which the suit was based, pleadings, excerpts from the reporter's record, and similar material. Items should not be included in the appendix to attempt to avoid the page limits for the brief.

## 38.2. Appellee's Brief

(a) *Form of Brief.*

(1) An appellee's brief must conform to the requirements of Rule 38.1, except that:

(A) the list of parties and counsel is not required unless necessary to supplement or correct the appellant's list;

(B) the appellee's brief need not include a statement of the case, a statement of the issues presented, or a statement of facts, unless the appellee is dissatisfied with that portion of the appellant's brief; and

(C) the appendix to the appellee's brief need not contain any item already contained in an appendix filed by the appellant.

(2) When practicable, the appellee's brief should respond to the appellant's issues or points in the order the appellant presented those issues or points.

(b) *Cross-Points.*

(1) Judgment Notwithstanding the Verdict. When the trial court renders judgment notwithstanding the verdict on one or more questions, the appellee must bring forward by cross-point any issue or point that would have vitiated the verdict or that would have prevented an affirmance of the judgment if the trial court had rendered judgment on the verdict. Failure to bring forward by cross-point

an issue or point that would vitiate the verdict or prevent an affirmance of the judgment waives that complaint. Included in this requirement is a point that:

(A) the verdict or one or more jury findings have insufficient evidentiary support or are against the overwhelming preponderance of the evidence as a matter of fact; or

(B) the verdict should be set aside because of improper argument of counsel.

(2) When Evidentiary Hearing Needed. The appellate court must remand a case to the trial court to take evidence if:

(A) the appellate court has sustained a point raised by the appellant; and

(B) the appellee raised a cross-point that requires the taking of additional evidence.

## 38.3. Reply Brief

The appellant may file a reply brief addressing any matter in the appellee's brief. However, the appellate court may consider and decide the case before a reply brief is filed.

## 38.4. *Deleted*

## 38.5. Appendix for Cases Recorded Electronically

In cases where the proceedings were electronically recorded, the following rules apply:

(a) *Appendix.*

(1) In General. At or before the time a party's brief is due, the party must file one copy of an appendix containing a transcription of all portions of the recording that the party considers relevant to the appellate issues or points. Unless another party objects, the transcription will be presumed accurate.

(2) Repetition Not Required. A party's appendix need not repeat evidence included in any previously filed appendix.

(3) Form. The form of the appendix and transcription must conform to any specifications of the Supreme Court and Court of Criminal Appeals concerning the form of the reporter's record except that it need not have the reporter's certificate.

(4) Notice. At the time the appendix is filed, the party must give written notice of the filing to all parties to the trial court's judgment or order. The notice must specify, by referring to the index numbers in the court recorder's logs, those parts of the recording that are included in the appendix. The filing party need not serve a copy of the appendix but must make a copy available to all parties for inspection and copying.

(b) *Presumptions.* The same presumptions that apply to a partial reporter's record under Rule 34.6(c)(4) apply to the parties' appendixes. The appellate court need not review any part of the electronic recording.

(c) *Supplemental Appendix.* The appellate court may direct or allow a party to file a supplemental appendix containing a transcription of additional portions of the recording.

(d) *Inability to Pay.* A party who cannot pay the cost of an appendix must file the affidavit provided for by Rule 20. The party must also state in the affidavit or a supplemental affidavit that the party has neither the access to the equipment necessary nor the skill necessary to prepare the appendix. If a contest to the affidavit is not sustained by written order, the court recorder must transcribe or have transcribed those portions of the recording that the party designates and must file the transcription as that party's appendix, along with all exhibits.

(e) *Inaccuracies.*

(1) Correction by Agreement. The parties may agree to correct an inaccuracy in the transcription of the recording.

(2) Correction by Appellate or Trial Court. If the parties dispute whether an electronic recording or transcription

50

accurately discloses what occurred in the trial court but cannot agree on corrections, the appellate court may:

(A) settle the dispute by reviewing the recording; or

(B) submit the dispute to the trial court, which must — after notice and hearing — settle the dispute and ensure that the recording or transcription is made to conform to what occurred in the trial court.

(f) *Costs.* The actual expense of preparing the appendixes or the amount prescribed for official reporters, whichever is less, is taxed as costs. The appellate court may disallow the cost of any portion of the appendixes that it considers surplusage or that does not conform to any specifications prescribed by the Supreme Court or Court of Criminal Appeals.

## 38.6. Time to File Briefs

(a) *Appellant's Filing Date.* Except in a habeas corpus or bail appeal, which is governed by Rule 31, an appellant must file a brief within 30 days — 20 days in an accelerated appeal — after the later of:

(1) the date the clerk's record was filed; or

(2) the date the reporter's record was filed.

(b) *Appellee's Filing Date.* The appellee's brief must be filed within 30 days — 20 days in an accelerated appeal — after the date the appellant's brief was filed. In a civil case, if the appellant has not filed a brief as provided in this rule, an appellee may file a brief within 30 days — 20 days in an accelerated appeal — after the date the appellant's brief was due.

(c) *Filing Date for Reply Brief.* A reply brief, if any, must be filed within 20 days after the date the appellee's brief was filed.

(d) *Modifications of Filing Time.* On motion complying with Rule 10.5(b), the appellate court may extend the time for filing a brief and may postpone submission of the case. A motion to extend the time to file a brief may be filed before or after the date the brief is due. The court may also, in the interests of justice, shorten the time for filing briefs and for submission of the case.

## 38.7. Amendment or Supplementation

A brief may be amended or supplemented whenever justice requires, on whatever reasonable terms the court may prescribe.

## 38.8. Failure of Appellant to File Brief

(a) *Civil Cases.* If an appellant fails to timely file a brief, the appellate court may:

(1) dismiss the appeal for want of prosecution, unless the appellant reasonably explains the failure and the appellee is not significantly injured by the appellant's failure to timely file a brief;

(2) decline to dismiss the appeal and give further direction to the case as it considers proper; or

(3) if an appellee's brief is filed, the court may regard that brief as correctly presenting the case and may affirm the trial court's judgment upon that brief without examining the record.

(b) *Criminal Cases.*

(1) Effect. An appellant's failure to timely file a brief does not authorize either dismissal of the appeal or, except as provided in (4), consideration of the appeal without briefs.

(2) Notice. If the appellant's brief is not timely filed, the appellate clerk must notify counsel for the parties and the trial court of that fact. If the appellate court does not receive a satisfactory response within ten days, the court must order the trial court to immediately conduct a hearing to determine whether the appellant desires to prosecute his appeal, whether the appellant is indigent, or, if not indigent, whether retained counsel has abandoned the appeal, and to make appropriate findings and recommendations.

(3) Hearing. In accordance with (2), the trial court must conduct any necessary

hearings, make appropriate findings and recommendations, and have a record of the proceedings prepared, which record — including any order and findings — must be sent to the appellate court.

    (4) Appellate Court Action. Based on the trial court's record, the appellate court may act appropriately to ensure that the appellant's rights are protected, including initiating contempt proceedings against appellant's counsel. If the trial court has found that the appellant no longer desires to prosecute the appeal, or that the appellant is not indigent but has not made the necessary arrangements for filing a brief, the appellate court may consider the appeal without briefs, as justice may require.

## 38.9. Briefing Rules to be Construed Liberally

Because briefs are meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case, substantial compliance with this rule is sufficient, subject to the following.

    (a) *Formal Defects.* If the court determines that this rule has been flagrantly violated, it may require a brief to be amended, supplemented, or redrawn. If another brief that does not comply with this rule is filed, the court may strike the brief, prohibit the party from filing another, and proceed as if the party had failed to file a brief.

    (b) *Substantive Defects.* If the court determines, either before or after submission, that the case has not been properly presented in the briefs, or that the law and authorities have not been properly cited in the briefs, the court may postpone submission, require additional briefing, and make any other order necessary for a satisfactory submission of the case.

### Notes and Comments

Comment to 1997 change: This is former Rule 74. The rule is substantially rewritten. Paragraph 38.1(e) now specifically allows a party to either present issues or points of error. Paragraphs 38.1(f) and (g) are new and require a brief to include a statement of facts and summary of the argument. Paragraph 38.2(b) is new and gives specific requirements for cross-points. *See also* TEX. R. CIV. P. 324(c). Subdivision 38.3 is new

and provides for a reply brief. Subdivision 38.4 imposes a total brief limit of 90 pages on each party. Thus, if more than one party has filed a notice of appeal, there will be multiple appellant's, appellee's, and reply briefs, but each party is limited to a total of 90 pages. Subdivision 38.5 is new and provides for an appendix in cases recorded electronically in the trial court. Paragraph 38.6(b) now provides that the appellee has 30 — rather than 25 — days to file a brief. The provisions of former Rules 74(I) (Number of Copies), (j) (Briefs Typewritten or Printed), and (q) (Service of Briefs) are omitted as unnecessary. *See* Rule 9.

Comment to 2002 change: Rule 38.6(d) is amended to clarify that an appellate court may postpone the filing of any brief, not just the appellant's brief.

Comment to 2008 change: A party may choose to include a statement in the brief regarding oral argument. The optional statement does not count toward the briefing page limit.

## Rule 39. Oral Argument; Decision Without Argument

### 39.1. Right to Oral Argument

A party who has filed a brief and who has timely requested oral argument may argue the case to the court unless the court, after examining the briefs, decides that oral argument is unnecessary for any of the following reasons:

    (a) the appeal is frivolous;

    (b) the dispositive issue or issues have been authoritatively decided;

    (c) the facts and legal arguments are adequately presented in the briefs and record; or

    (d) the decisional process would not be significantly aided by oral argument.

### 39.2. Purpose of Argument

Oral argument should emphasize and clarify the written arguments in the briefs. Counsel should not merely read from prepared text. Counsel should assume that all members of the court have read the briefs before oral argument and counsel should be prepared to respond to questions. A party should not refer to or comment on matters not involved in or